IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MAUREEN MELISSA BYAM,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 20-CV-6261** |
| | : | |
| **PENNSYLVANIA WORKS,** *et al.*, | : | |
| Defendants. | : | |

**ORDER**

AND NOW, this **24th** day of **February, 2021**, upon consideration of Plaintiff Maureen Melissa Byam's Application to Proceed *In Forma Pauperis* (ECF No. 1), it is **ORDERED** that:

1.  Byam's Application to Proceed *In Forma Pauperis* is **DENIED WITHOUT PREJUDICE** for lack of sufficient financial information to allow the Court to determine whether she has the means to pay the fees to commence this case. In determining whether a plaintiff is eligible to proceed *in forma pauperis*, the Court must assess the plaintiff's financial status. *See Deutsch v. United States*, 67 F.3d 1080, 1084 n.5 (3d Cir. 1995). "When exercising its discretion to approve or deny a motion to proceed IFP, a District Court 'must be rigorous . . . to ensure that the treasury is not unduly imposed upon.'" *In re Mock*, 252 F. App'x 522, 523 (3d Cir. 2007) (per curiam) (quoting *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989) (alteration in original)). Accordingly, it is appropriate for a district court to seek additional information about a plaintiff's financial status when questions are raised by her *in forma pauperis* application. *Assaad-Faltas v. Univ. of S.C.*, 971 F. Supp. 985, 987 (D.S.C. 1997) ("'[T]he Court may inquire into [a plaintiff's] allegations and demand more specific information if necessary for a proper assessment of the movant's financial status.'") (quoting *Monti v. McKeon*, 600 F. Supp. 112, 113 (D. Conn. 1984)).

Byam's financial circumstances are unclear from her Application. She lists no sources of income and has provided no information about her assets or liabilities. She also does not list any expenses associated with day-to-day life as are typically seen in Applications to Proceed *In Forma Pauperis* such as rent or mortgage payments, motor vehicle expenses, credit card bills, or the cost of food, healthcare, and utilities. She has entered zeros for each category on the Application or directed the Court to "See Exhibit A" but there is no Exhibit A attached to her Application.[1] Byam does not provide any information about how she is supporting herself with respect to present or past employment of any kind. To be clear, Byam's Application is completely devoid of the financial information the Court needs in order to exercise its discretion in deciding whether to grant her request to proceed *in forma pauperis*. In light of these deficiencies, the Court cannot grant Byam *in forma pauperis* status at this time.

2. The Clerk of Court shall **SEND** Byam an appropriate non-prisoner application to proceed *in forma pauperis*, bearing the civil action number of this case.

3. If Byam seeks to proceed *in forma pauperis*, she shall within thirty (30) days of the date of this Order, file a **new** application to proceed *in forma pauperis* and complete the form in a manner that makes clear to the Court how she is supporting herself and that clarifies the issues noted above. If Byam is being supported by others, she may indicate that fact in the motion. Alternatively, Byam may proceed with this case by paying $402 to the Clerk of Court within thirty (30) days of the date of this Order.

---

[1] The Court notes that there is an "Exhibit A" attached to Byam's Complaint. (*See* ECF No. 2-3.) The Court has reviewed the Exhibit, but this submissions does not include the relevant financial information required by the Application.

4. If Byam fails to comply with this Order, her case may be dismissed without further notice for failure to prosecute.

                                                    **BY THE COURT:**

                                                    */s/ Eduardo C. Robreno*
                                                    **EDUARDO C. ROBRENO,   J.**